| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** |
| Christopher M. Hemrick<br>WALSH PIZZI O'REILLY FALANGA LLP<br>Three Gateway Center<br>100 Mulberry Street, 15th Floor<br>Newark, NJ 07102<br>T: 973.757.1100 | F: 973.757.1090<br>*Attorneys for Columbia Bank*<br>chemrick@walsh.law |

| | |
|---|---|
| In re:<br><br>JOSEPH GERMANO, III,<br><br>              Debtor. | Chapter 13<br><br>Case No.: 17-10474-JNP<br><br><u>Hearing Date</u>: February 1, 2022<br><br><u>Objection Deadline</u>: January 25, 2022 |

**LIMITED OBJECTION OF COLUMBIA BANK TO DEBTOR'S
MOTION TO CANCEL AND DISCHARGE MORTGAGE**

Columbia Bank, a creditor of the above-captioned debtor, Joseph Germano, III (the "<u>Debtor</u>"), hereby submits this limited objection (the "<u>Limited Objection</u>") to the Debtor's Motion to Cancel and Discharge Mortgage [Dkt. 110] (the "<u>Motion</u>"). In support of its objection, Columbia Bank states as follows:

1. There is currently a mortgage lien of record in favor of Columbia Bank (the "<u>Mortgage</u>") on the Debtor's real property commonly known as 424 Holly Drive, Atco, NJ 08004, dated June 9, 2003.

2. Pursuant to the Order Confirming Chapter 13 Plan entered on February 8, 2019, the Court granted the Debtor's Motion to Avoid Liens and Reclassify Claims and ordered that

Columbia Bank's claim "shall be reclassified and liens voided upon completion of the debtor's plan." [Dkt. 103].[1]

3. On January 11, 2022, Isabel C. Balboa, Chapter 13 Standing Trustee, filed a letter advising that the Debtor had successfully completed plan payments. [Dkt. 109] (the "Plan Complete Letter"). Also on January 11, 2022, the Debtor filed the instant Motion.

4. Columbia Bank objects to the relief sought in the Motion to the extent the Debtor fails to satisfy all conditions required to obtain a discharge in this chapter 13 case pursuant to 11 U.S.C. § 1328, or that may otherwise subject the Debtor's bankruptcy case to dismissal including, without limitation, filing a certification for completing the Debtor's Instructional Course Concerning Financial Management as set forth in the Plan Complete Letter.

5. Nothing herein shall be construed as a waiver of any of Columbia Bank's rights and remedies under the Bankruptcy Code and applicable law, all such rights and remedies being expressly reserved by Columbia Bank.

WHEREFORE, Columbia Bank objects to the Motion to the extent it seeks to cancel and discharge the Mortgage prior to the Debtor satisfying all conditions required to avoid a potential dismissal of the Debtor's bankruptcy case.

WALSH PIZZI O'REILLY FALANGA LLP
*Counsel for Columbia Bank*

/s/ Christopher M. Hemrick
Christopher M. Hemrick

Dated: January 25, 2022

---

[1] Columbia Bank elected not to oppose the Debtor's Motion to Avoid and Reclassify and filed an unsecured proof of claim in this case on April 17, 2017 [Claim No. 8-1] based upon the Debtor's Plan, without prejudice to Columbia Bank's rights and remedies including, without limitation, the right to reassert a secured claim based on the Mortgage in the event the Debtor failed to complete his plan or if the plan was modified or the Debtor's case was otherwise dismissed.